*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ*                                                *(609) 989-0494*

March 5, 2013

Mark R. Silber, Esquire
10 Station Place – Suite 2
PO Box 486
Metuchen, New Jersey 08840-0486

John F. Bracaglia, Jr., Esquire
Cohn, Bracaglia & Gropper
275 East Main Street
PO Box 1094
Somerville, New Jersey 08876

                                             Re:      Ronald L. Lombardi – Case No. 11-33035

                                                          Catherine Anderson vs. Ronald L. Lombardi
                                                          Adversary No. 11-2670

                                                          Motion for Summary Judgment (Doc. #8)

Dear Counsel:

       On December 15, 2011, Catherine Anderson filed a six count complaint against the Debtor ("Amended Complaint"). On December 3, 2012, the Plaintiff filed a motion for summary judgment on Counts I and II of the Amended Complaint. The Debtor/Defendant filed opposition to the motion. The matter was returnable on February 13, 2013, and the parties requested that the motion be considered on the papers.

       Count I of the Amended Complaint seeks a "judgment denying discharge of her claim". Denial of discharge of a claim is not a cognizable cause of action under the Bankruptcy Code. Generously read, Count I of the Amended Complaint seeks a declaratory judgment regarding the scope of the debtor's discharge under 11 U.S.C. § 1328. Count I, in its entirety, reads:

19. Plaintiff's underlying claim against Defendant is a property right.

20. She was awarded a property right in Defendant's retirement accounts.

21. Her interest is not a "Debt" as defined by the *Bankruptcy Code* at 11 *U.S.C.* 101(12), and is not subject to discharge.

The essential term "retirement accounts" is not defined in the Amended Complaint, and that failure is fatal to the court's proper consideration of Count I. In the fact section of the Amended Complaint, the Plaintiff fails to elucidate precisely which "retirement accounts" are at issue. The April 7, 2009 Order issued by the New Jersey Superior Court, upon which the Plaintiff's claim in this bankruptcy case arises, addressed a "VIP Profit Sharing Plan procedures and growth" account and a "VMS/Mutual Benefit Annuity".[1] Although the Defendant does a far better job at explaining which accounts are at issue, his response to a motion for summary judgment does not have the force of an allegation in a complaint. Even if it did, it is still imperfect because the Defendant uses similar but not precisely the same names for these accounts, leaving the court to guess if they are the same or different accounts. For example, the Defendant's Memorandum of Law in Response to Catherine Anderson's Motion for Summary Judgment refers to: "VMA account"[2], "VIP account"[3], "Legg Mason (former VIP account)", "Smith Barney account", "Merrill Lynch retirement account" and "Merrill Lynch account". While the Defendant's Certification in Opposition to motion for Summary Judgment refers to: "VIP pension/profit sharing account (which during the divorce litigation was rolled over into a Legg Mason/Citibank account)", "Mutual Benefit Life/VMS account", "VMA account", and "Legg Mason/Citibank account".

Ultimately, the Plaintiff's defective pleading of Count I prevents any meaningful review by this court. The motion for summary judgment is denied as to Count I.[4] If the Plaintiff choses to amend the count[5] and provide a more definite statement it must do so within the 14-day time

---

[1] Information contained in an exhibit to a Proof of Claim cannot rehabilitate a defective complaint; the court merely looked to that document in an attempt to understand what was at issue in this motion.

[2] It is unclear if the "VMA account" is the same account as the "VMS/Mutual Benefit Annuity" addressed by the April 7, 2009 Order.

[3] Defendant's certification states that "Mutual Benefit Life went into receivership … and was reorganized into a VMS account" and also that "Legg Mason/Citibank was reorganized into Smith Barney. *Cert. at* para. 5, 10.

[4] Even if the court were clear on which retirement accounts were subject to the motion, summary judgment would still be denied because the Defendant takes the position that the "retirement accounts that were to be divided either by way of roll over or QDRO have been disposed of by way of payment of the amount owed or by way of roll over." *Defendant's Memorandum* at 5. That creates a genuine dispute as a to a material fact (if there is any claim at all) and prevents entry of judgment under Fed. R. Civ. Pro. 56.

[5] The sole case the Plaintiff relies on in support of its summary judgment motion on Count I is In re Bennett, 175 B.R. 181 (E.D. pa. 1994). Should the Plaintiff chose to amend

period provided for in Federal Rule of Bankruptcy Procedure 7012 (incorporating Fed. R. Civ. P. 12(e)); otherwise, the count will be dismissed without further notice.

Count II is predicated on 11 U.S.C. § 523(a)(6), and states that the "Defendant willfully and maliciously, with intent to harm and destroy Plaintiff's property interests in his retirement accounts, did obstinately and contumaciously refuse to transfer to Plaintiff the property right conferred upon Plaintiff by the Superior Court of New Jersey, Family Part, Somerset County." This count is also insufficiently plead due to the failure to define "retirement accounts." On that basis, the court denies summary judgment on Count II. The court instructs the Plaintiff to provide a more definite statement in accordance with Fed. R. Civ. P. 12(e). If a satisfactory amended count or complaint is not filed within 14 days, Count II will also be dismissed without further notice.

Finally, in an effort to move the parties toward the most expeditious resolution of this matter, the court notes that the Defendant certifies that "I paid everything. I have no idea why there are outstanding judgments against me related to this distribution."[6] Under the Rooker-Feldman[7] doctrine this court must enforce state court orders as written, and may not act as an appellate court for state court decisions. If the Defendant believes the April 7, 2009 order is incorrect because his obligation to his ex-wife based on the retirement accounts has been fully paid, then his appropriate recourse is to the state court.

In conclusion, the motion for summary judgment is denied. The Plaintiff has the option to file a second amended complaint to address the deficiencies noted in this opinion. Any amended complaint must be filed within 14-days of the entry of the order denying summary judgment. The court will enter the standard order denying this motion.

/s/ *Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

---

Count I, she should be prepared to address the holding in In re Verner, 318 B.R. 778 (Bankr. W.D. Pa. 2005) which reaches the opposite result of Bennett.
 [6] *Defendant Cert.* at para. 11.
 [7] 460 U.S. 462 (1983); *see also*, Lance v. Dennis, 546 U.S. 459 (2006).